IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIKRI BAYRAMOGLU,<br><br>    Petitioner,<br><br>   vs.<br><br>BEN CURRY, Warden,<br><br>    Respondent. | No C 07-4374 VRW (PR)<br><br>ORDER TO SHOW CAUSE<br><br>(Docs # 3, 5 & 7) |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the California Board of Parole Hearings' ("BPH") October 25, 2006 decision to deny him parole.

**BACKGROUND**

Petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Marin of second degree murder and, on August 13, 1982, was sentenced to 15 years to life in state prison.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On August 8, 2007, the Supreme Court of California denied his last state court challenge to the BPH's October 25, 2006 decision.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 USC § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id § 2243.

B.   Legal Claims

Petitioner seeks federal habeas corpus relief from the BPH's October 25, 2006 decision finding him not suitable for parole, and denying him a subsequent hearing for four years, on the ground that the decision does not comport with due process.  Among other things, petitioner contends that the decision is not supported by the evidence.  Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent.  See Sass v Cal Bd of Prison Terms, 461 F3d 1123, 1127-29 (9th Cir 2006) (refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

To the extent petitioner also seeks habeas relief in the form of a transfer to Turkey to serve the remainder of his state sentence pursuant to the US-Turkey Prisoner Transfer Treaty, the request is dismissed as a successive petition.  His first petition was denied on the merits on the ground that California is not a party to the US-Turkey Treaty and therefore is not required to transfer him to Turkey.  See Bayramoglu v Hamlet, No C 02-2553 VRW (PR) (ND Cal Feb 28, 2003).

2

A second or successive petition may not be filed in this court unless petitioner first obtains from the Ninth Circuit an order authorizing this court to consider the petition. See 28 USC § 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit. Petitioner's transfer request is DISMISSED without prejudice.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. Petitioner's request to proceed in forma pauperis under 28 USC § 1915 (docs # 3, 5 & 7) is GRANTED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\HC.07\Bayramoglu, F2.or1.wpd

3