EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
JULIE L. GARLAND
Senior Assistant Attorney General
ANYA M. BINSACCA
Supervising Deputy Attorney General
DENISE A. YATES, State Bar No. 191073
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5531
  Fax:  (415) 703-5843
  Email:  Denise.Yates@doj.ca.gov
Attorneys for Respondent Ben Curry, Warden at the
Correctional Training Facility
SF2008400177

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FIKRI BAYRAMOGLU,<br><br>                  Petitioner,<br><br>v.<br><br>BEN CURRY, Warden,<br><br>                  Respondent. | No. C 07-4374 VRW (PR)<br><br>**RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |

### INTRODUCTION

Petitioner Fikri Bayramoglu (C-54604) is a California state prisoner proceeding with counsel in this habeas corpus matter in which he challenges the Board of Parole Hearings' October 25, 2006 decision denying him parole for four years.[1] In its Order to Show Cause, this Court found cognizable Bayramoglu's due process challenge that the Board's decision was not

---

    1. A proper habeas respondent is the person having custody of the petitioner, such as the warden. Rules Governing § 2254 Cases, Rule 2(a). But because the actions complained of in this Petition concern a parole consideration hearing, "the Board" and "Respondent" will be used interchangeably for convenience only.

supported by some evidence, and this Court dismissed as successive his claim that he should be transferred to Turkey. (Order to Show Cause 2-3.) This Court did not find cognizable Bayramoglu's allegations under the Eighth Amendment and the Equal Protection Clause, and Respondent will not address them. (*E.g.*, Pet. 6.)

Bayramoglu generally challenges how the Board weighed the evidence, but weighing the evidence is within the Board's exclusive discretion. Further, some evidence supports the Board's decision denying Bayramoglu parole. Thus, this Court should deny the Petition.

## ANSWER

Respondent Ben Curry, Warden at the Correctional Training Facility, as an Answer to the Order to Show Cause, states:

1. Bayramoglu is lawfully in the custody of the California Department of Corrections and Rehabilitation. (Ex. 1.) A jury found Bayramoglu guilty of second-degree murder, and the trial court found that he was armed with, and used, a firearm during the commission of the offense. (Ex. 1.) The trial court struck the latter enhancement, and sentenced Bayramoglu to fifteen years to life. (Ex. 1.)

2. Bayramoglu does not challenge his conviction in this Petition. (*See* Pet.) Rather, Bayramoglu challenges the Board's decision denying him parole at his October 25, 2006 subsequent parole consideration hearing. (*See* Pet.)

3. Respondent disagrees with the Ninth Circuit's decision in *Sass v. California Board of Prison Terms,* 461 F.3d 1123, 1128 (9th Cir. 2006), and denies that Bayramoglu has a liberty interest in parole. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 12 (1979) (finding that a convicted person does not have a federally protected liberty interest in parole release unless the state creates the interest through the "unique structure and language" of its parole statutes, thereby giving inmates an expectancy in parole release); *In re Dannenberg*, 34 Cal. 4th 1061, 1087-88 (2005) (clarifying that under California Penal Code section 3041, the setting of a parole release date is neither mandatory nor presumed); *see also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (finding that an inmate's constitutional liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the

1  inmate in relation to the ordinary incidents of prison life"). Accordingly, Respondent preserves
2  the argument that because Bayramoglu is not in custody in violation of federal law, he has not
3  alleged a federal question and this Court does not have subject matter jurisdiction to decide his
4  Petition. 28 U.S.C. § 2254(a).

5      4.    Even if Bayramoglu has a federally protected liberty interest in parole, he received
6  all the process due under clearly established Supreme Court authority. *Greenholtz*, 442 U.S. at
7  16. As required by *Greenholtz*, Bayramoglu received an opportunity to be heard through his
8  attorney (*e.g.*, Ex. 2 at 1, 20), as Bayramoglu chose not to appear at the hearing (Ex. 2 at 2-4, 27).
9  In addition, the Board provided a decision informing Bayramoglu of the bases for denying him
10 parole. (Ex. 2 at 29-34.) Bayramoglu also received timely notice of the hearing. (Ex. 2 at 6.)

11     5.    Respondent denies that the Supreme Court has ever clearly established that a state
12 parole board's decision must be supported by some evidence. *See Plumlee v. Masto*, No. 04-
13 15101, 2008 WL 151273, at *6 (9th Cir. Jan. 17, 2008) ("What matters are the holdings of the
14 Supreme Court, not the holdings of lower federal courts."); *contra Irons v. Carey*, 505 F.3d 846,
15 851 (9th Cir. 2007). Alternatively, the Board did not violate Bayramoglu's federal due process
16 rights when finding him unsuitable for parole because some evidence supports the Board's
17 October 25, 2006 decision. (*See* Ex. 2); *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985)
18 (applying the some-evidence standard to prison disciplinary hearings); *In re Rosenkrantz*, 29 Cal.
19 4th 616, 677 (2002); *Dannenberg*, 34 Cal. 4th at 1094-95.

20     6.    The Board found that Bayramoglu's crime was a factor supporting his parole
21 denial. (Ex. 2 at 29-30.) Bayramoglu fatally shot his girlfriend several times in her upper chest,
22 and then attempted to kill himself. (Ex. 2 at 8-11; Ex. 3 at 1-3, 6.)

23     7.    In denying Bayramoglu parole, the Board noted that Bayramoglu did not have a
24 prior arrest record. (Ex. 2 at 11, 30.) The Board found that Bayramoglu had programmed in a
25 limited manner, failed to develop a marketable skill, failed to sufficiently participate in self-help,
26 and failed to demonstrate positive evidence of change. (Ex. 2 at 30.) Bayramoglu had received
27 thirteen disciplinary violations and thirteen counseling memoranda. (Ex. 2 at 13-14, 30; Ex. 4.)
28 In addition, the latest psychological report did not support Bayramoglu's release, including that

the psychologist: diagnosed Bayramoglu as suffering from personality disorder not otherwise specified with antisocial, dependent, and grandiose features; noted that Bayramoglu did not assume responsibility for the murder in a truly remorseful way; and noted that Bayramoglu's inability to share a prison cell reflected his above-average risk of violence. (Ex. 2 at 14-16, 30-31; Ex. 5 at 4-5.) The Board also found that Bayramoglu did not have any support letters or viable residential parole plans. (Ex. 2 at 16, 32.) Further, the Board noted that the district attorney opposed parole (Ex. 2 at 18-20, 32; Ex. 7), and during the hearing, the Board noted that the victim's next of kin opposed parole (Ex. 2 at 20-26).

        8. The Board commended Bayramoglu for being disciplinary free for one year, but found that the positive aspects of his behavior did not outweigh the factors of unsuitability. (Ex. 2 at 32.)

        9. In a separate decision, the Board found that it was not reasonable to expect that Bayramoglu would be granted parole in the following four years. (Ex. 2 at 32.) In addition to the factors stated above, the Board relied on Bayramoglu's failure to have employment plans in the United States. (Ex. 2 at 32-34.) The Board requested a new psychological evaluation for the next hearing. (Ex. 2 at 34; Ex. 7.)

        10. On March 13, 2007, Bayramoglu filed a habeas petition in the Marin County Superior Court challenging his 2006 parole denial, in which Bayramoglu generally alleged the same claim underlying this federal proceeding. (Ex. 8 at 4.)[2] Bayramoglu also argued that he should be deported to Turkey and that his confinement by the California Department of Corrections is unconstitutional. (Ex. 8 at 3.) The superior court found that Bayramoglu's claims were "absurd" and denied the petition on March 19, 2007; the superior court did not specifically address Bayramoglu's challenge to the Board's decision in its order. (Ex. 9.)

        11. On March 29, 2007, Bayramoglu filed a petition for writ of habeas corpus in the California Supreme Court, generally alleging the same claim underlying this federal proceeding.

---

2. The copy of Bayramoglu's petition filed in the California Supreme Court included a copy of the Marin County Superior Court petition and order. Respondent assumes the superior court documents are true and accurate copies of the original documents filed with the superior court. In addition, Respondent separated the documents for ease of reference.

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.        *Bayramoglu v. Curry*
No. C 07-4374 VRW (PR)

(Ex. 10 at 3.) The California Supreme Court summarily denied Bayramoglu's petition on August 8, 2007. (Ex. 11.)

12. Respondent admits that Bayramoglu appears to have exhausted his claim that the Board's decision violated his due process rights because the Board's decision was not based on some evidence. Respondent does not admit that Bayramoglu has exhausted this claim to the extent it can be more broadly interpreted. Respondent admits that the Petition does not appear to be barred by any other procedural bar or by the non-retroactivity doctrine.

13. Bayramoglu fails to state or establish any grounds for federal habeas corpus relief. 28 U.S.C. § 2254(d).

14. Respondent denies that the Board mischaracterized Bayramoglu's offense as one of first-degree murder. *Dannenberg*, 34 Cal.4th at 1095 n.16 (finding that the parole authority may credit evidence suggesting that the inmate committed a greater degree of an offense than the conviction evidences). Respondent also denies that when other prisoners have been released on parole is relevant to determining Bayramoglu's suitability for parole. *Id.* at 1069, 1071 (finding that the Board need not engage in a comparative analysis of similar crimes and the uniform-term matrixes before concluding that the particular facts of the offense make it unsafe, at that time, to fix a date for the prisoner's release).

15. Respondent denies that the Board mischaracterized Bayramoglu's disciplinary violations. (*See* Ex. 4.)

16. Except as expressly admitted above, Respondent denies, generally and specifically, every allegation of the Petition, including but not limited to Bayramoglu's claim that some evidence did not support the Board's 2006 decision denying Bayramoglu parole. Respondent further denies that Bayramoglu's administrative, statutory, or constitutional rights were violated, including his Fifth and Fourteenth Amendment rights to due process.

Respondent respectfully requests that this Court deny the Petition for Writ of Habeas Corpus and discharge the order to show cause.

////

////

# MEMORANDUM OF POINTS AND AUTHORITIES

## ARGUMENT

**I. BAYRAMOGLU'S FEDERAL DUE PROCESS RIGHTS DO NOT REQUIRE APPLYING THE SOME-EVIDENCE STANDARD OF REVIEW BECAUSE THE SUPREME COURT HAS NOT ESTABLISHED THAT THAT STANDARD IS APPROPRIATE IN THE PAROLE CONTEXT.**

The Ninth Circuit has held that the some-evidence standard governs parole cases, even though the Supreme Court has never extended that test from disciplinary cases to parole cases. *See, e.g., Hayward*, 2008 WL 43716, at *5; *Irons v. Carey*, 505 F.3d at 851; *but see Musladin*, ___ U.S. ___, 127 S. Ct. 649, 654 (2006); *Schriro v. Landrigan*, ___ U.S. ___, 127 S. Ct. 1933, 1942 (2007) (no federal habeas relief when the issue is an open question in the Supreme Court's precedent); *see also Wright v. Van Patten*, ___ U.S. ___, 2008 WL 59980, at *2-4 (Jan. 7, 2008) (per curiam) (reversing decision after having granted certiorari, vacated the judgment, and remanded for further consideration in light of *Musladin* because "No decision of this Court . . . squarely addresses the issue in this case" and, therefore relief under § 2254(d)(1) is "unauthorized"); *Crater v. Galaza*, 491 F.3d 1119, 1126 & n.8 (9th Cir. 2007) (citing *Musladin*, the Ninth Circuit acknowledged that decisions by courts other than the Supreme Court are "non-dispositive" under § 2254(d)(1)). Consequently, this Court should not grant the Petition based on a some-evidence analysis.

**II. EVEN IF THE SOME-EVIDENCE STANDARD APPLIES, THE PETITION SHOULD BE DENIED BECAUSE SOME EVIDENCE SUPPORTS THE BOARD'S DECISION DENYING BAYRAMOGLU PAROLE.**

If this Court finds that the some-evidence standard applies, some evidence based in fact supported the Board's decision denying Bayramoglu parole. The Board's decision must have a factual basis, but that basis need only consist of "some evidence." *Rosas v. Nielsen*, 428 F.3d 1229, 1232 (9th Cir. 2005). This extremely deferential standard of review is satisfied if "there is any evidence in the record that could support the conclusion reached by the [executive decisionmaker]." *Hill*, 472 U.S. at 455-56. Consequently, the court does not independently examine the entire record or reweigh the evidence. *Id.* at 455; *accord Sass*, 461 F.3d at 1128.

Here some evidence supported the Board's decision denying Bayramoglu parole for four years, including Bayramoglu's commitment offense, his behavior and programming in prison, the psychological report, his lack of residential parole plans, and the district attorney's opposition to parole. (See Answer *supra*, ¶¶ 6-7, 9.) Moreover, the Board properly relied on these factors to deny parole. Cal. Code Regs., tit. 15, § 2402(b) & (c)(1), (5)-(6); Cal. Penal Code §§ 3042(a) & (f)(3), 3043.5(b), 3046(c); *Dannenberg*, 34 Cal. 4th at 1085 (finding that public input regarding the prisoner's suitability may be influential and even decisive in appropriate cases).

In summary, the Board's decision is supported by more than the modicum of evidence required under the some-evidence standard. Thus, this Court should deny the Petition.

## CONCLUSION

Bayramoglu does not have a federally protected liberty interest in parole and, even if he does, he received all the process due. Further, the some-evidence standard does not apply, but even if it does, some evidence supports the Board's decision denying Bayramoglu parole. Accordingly, this Court should deny the Petition.

Dated: March 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

JULIE L. GARLAND
Senior Assistant Attorney General

ANYA M. BINSACCA
Supervising Deputy Attorney General

*/s/ Denise A. Yates*

DENISE A. YATES
Deputy Attorney General

Attorneys for Respondent Ben Curry, Warden at the Correctional Training Facility

---

Resp't's Answer to the Order to Show Cause; Supporting Mem. of P. & A.   *Bayramoglu v. Curry*
No. C 07-4374 VRW (PR)

7

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Bayramoglu v. Curry**

No.:   **C 07-4374 VRW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On **March 10, 2008**, I served the attached

### RESPONDENT'S ANSWER TO THE ORDER TO SHOW CAUSE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Fikri Bayramoglu, C-54604**
**Correctional Training Facility**
**P.O. Box 689**
**Soledad, CA 93960-0689**
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **March 10, 2008**, at San Francisco, California.

|  |  |
|---|---|
| J. Palomino | *[signature]* |
| Declarant | Signature |

40227269.wpd

Fikri Bayramoglu (C-54604) v. Ben Curry
United States District Court, Northern District of California
Case No.: C 07-4374 VRW (PR)

**INDEX OF EXHIBITS**

| Exhibit | Document |
|---|---|
| 1 | Abstract of Judgment |
| 2 | Subsequent Parole Consideration Hearing, October 25, 2006 |
| 3 | Probation Officer's Report |
| 4 | Disciplinary History Sheet |
| 5 | Psychological Evaluation, May 16, 2002 |
| 6 | Letters from the Marin County District Attorney's Office, September 12, 2006 |
| 7 | Note to CDC Staff: Recommendations and Requests |
| 8 | Petition for Writ of Habeas Corpus, Marin County Superior Court |
| 9 | Order Denying Petition for Writ of Habeas Corpus |
| 10 | Petition for Writ of Habeas Corpus, California Supreme Court |
| 11 | Order |